**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

EUNICE LAMBERT, on behalf of    *
Felicia Lambert, Deceased, and as   *
administrator of the estate of Felicia   *
Lambert,    *
   *
       Plaintiff,    *
   *
     v.    *      1:23-CV-01542-ELR
   *
JAY E. JOHNSON, et al.,    *
   *
       Defendants.    *
   *

_____

**O R D E R**

_____

Presently before the Court is Defendants Mark Barnes; Cardinal Health, Inc.;

Kendall Patient Recovery U.S., LLC; Mark Legarda; Nancy Livingston; and Martin

Russo's (the "Moving Defendants") "Motion to Consolidate Cases for Pre-Trial

Purposes Only."[1]  [Doc. 23].  Identical motions were filed in the following fifteen

(15) civil actions: Betts v. Johnson, 1:23-CV-01548-MHC; Bell v. Johnson, 1:23-

CV-01553-MHC; Holmes v. Johnson, 1:23-CV-01557-TWT; Snow v. Johnson,

1:23-CV-01562-LMM; Jones v. Johnson, 1:23-CV-01563-MHC; Dunn v. Johnson,

---

[1] Because Defendants Doug Bondar and Matthew East separately filed a motion to consolidate
"adopt[ing] and incorporate[ing] by reference" the Moving Defendants' motion to consolidate, the
Court only refers to the Moving Defendants' motion.  [See Docs. 23, 25].

1:23-CV-01566-JPB; <u>Washington v. Johnson</u>, 1:23-CV-01568-SEG; <u>Taylor v. Johnson</u>, 1:23-CV-01571-AT; <u>Coleman v. Johnson</u>, 1:23-CV-01564-ELR; <u>Browman v. Johnson</u>, 1:23-CV-1555-VMC; <u>Pugh v. Johnson</u>, 1:23-CV-01565-MLB; <u>Williams v. Johnson</u>, 1:23-CV-01569-TWT; <u>Presnell v. Johnson</u>, 1:23-CV-01572-SCJ; <u>Smith v. Johnson</u>, 1:23-CV-1573-LMM; and <u>Knight v. Johnson</u>, 1:23-CV-01574-MHC (together with the instant action, the "Cases").[2]  Each of the Cases was removed to this Court from the State Court of Gwinnett County, Georgia, on April 11, 2023.  [<u>See</u> Doc. 1]; [<u>see also</u> Doc. 23-1 at 2].  By their instant motion, the Moving Defendants request that this Court consolidate the Cases because they all present common issues of law and fact, all the plaintiffs are similarly situated, and consolidation will avoid inconsistent decisions and unnecessary expenses as well as promote judicial efficiency.  [<u>See</u> Doc. 23-1 at 6–8].  Plaintiff Eunice Lambert does not oppose the Moving Defendants' motion and agrees that the Cases should be consolidated.  [<u>See</u> Doc. 26].

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions if they "involve a common question of law or fact."  FED. R. CIV. P. 42(a)(2).  "A district court's decision [of] whether to consolidate [actions] is 'purely discretionary.'"  <u>Eghnayem v. Bos. Sci. Corp.</u>, 873 F.3d 1304, 1313 (11th Cir. 2017)

---

[2] Because of the identical nature of the various motions to consolidate and responses by the plaintiffs in all of the Cases, the Court only refers to the motion to consolidate and Plaintiff's response thereto filed in the instant case.

(quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).  In exercising its discretion,

> a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 727 F. App'x 562, 570 (11th Cir. 2018).  "The law is clear that district courts are authorized to consolidate cases . . . *sua sponte*, without a motion from the parties."  Pigott v. Sanibel Dev., LLC, Civil Action Nos. 07-0083-WS-C, 07-0691-WS-C, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007) (collecting cases).

Here, the Court finds consolidation of the Cases to be warranted.  All of the Cases stem from the alleged release of ethylene oxide by the same medical equipment sterilization plant and the plaintiffs' alleged subsequent exposure to that chemical.  [See Docs. 23-1 at 6; 26 at 1–2].  The Cases also involve common questions of law because, as the Moving Defendants note, each of the complaints filed in the Cases bring the same claims and only differ in the "particular injuries alleged and the timeframes of alleged exposure[.]"  [See Doc. 23-1 at 4].  And no Party will be prejudiced by consolidation of the Cases as evidenced by Plaintiff's consent to the Moving Defendants' present motion.  [See Doc. 26].  Otherwise, the

Court agrees with the Parties that consolidating the Cases will promote judicial efficiency and avoid inconsistent rulings.  [See Docs. 23-1 at 6–7; 26 at 2].

Accordingly, the Court **GRANTS** the Moving Defendants' and Defendants Bondar and East's "Motion[s] to Consolidate Cases for Pre-Trial Purposes Only" [Docs. 23, 25], and **CONSOLIDATES** the following member cases into this lead case, Lambert v. Johnson, No. 1:23-CV-01542-ELR: Case Nos. 1:23-CV-01548-MHC; 1:23-CV-01553-MHC; 1:23-CV-01557-TWT; 1:23-CV-01562-LMM; 1:23-CV-01563-MHC; 1:23-CV-01566-JPB; 1:23-CV-01568-SEG; 1:23-CV-01571-AT; 1:23-CV-01564-ELR;  1:23-CV-01555-VMC;  1:23-CV-01565-MLB;  1:23-CV-01569-TWT;  1:23-CV-01572-SCJ;  1:23-CV-01573-LMM;  and  1:23-CV-01574-MHC.  Each member case shall maintain its designated case number.

The Court **DIRECTS** the Parties to make any filings related to all of the consolidated member cases only on the docket of this lead case.  The Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** the above member cases.[3]

Finally, the Court **GRANTS** Defendant Jay E. Johnson's "Motion for Extension of Time for Defendant Jay E. Johnson to Respond to Plaintiff's Motion to Remand."  [Doc. 32].   At present, Plaintiff's brief in response to Defendants'

---

[3] The Court notes that administrative closure will not prejudice the rights of any Party to this litigation.  A Party need only file a motion to reopen the case if it so chooses.

pending motions to transfer is due on or before May 12, 2023, and all Defendants'

briefs in response to Plaintiff's pending motion to remand are due on or before May

25, 2023.  [See Docs. 27, 30].

> **SO ORDERED**, this 2nd day of May, 2023.

Eleanor L. Ross
United States District Judge
Northern District of Georgia