UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EUNICE LAMBERT, on behalf of Felicia Lambert, Deceased, and as administrator of the estate of Felicia Lambert<br><br>Plaintiff,<br><br>v.<br><br>JAY E. JOHNSON; MARK LEGARDA; MARTIN RUSSO; MATTHEW EAST; DOUG BONDAR; MARK BARNES; NANCY LIVINGSTON; KENDALL PATIENT RECOVERY U.S., LLC; CARDINAL HEALTH, INC. and JOHN DOE NOS. 1–10<br><br>Defendants. | Case No. 1:23-cv-01542<br>Honorable Eleanor L. Ross |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION TO RESPOND TO COMPLAINTS**

Defendants Kendall Patient Recovery U.S., LLC ("KPR"), Cardinal Health, Inc., Mark Legarda, Martin Russo, Mark Barnes, Nancy Livingston, and Jay E. Johnson ("Defendants")[1] respectfully move for an extension to respond to Plaintiffs' complaints (Doc. 1-1) in the consolidated action[2] until fourteen (14) days after resolution of the pending motion to transfer and motion to remand. Defendants' current deadline to respond to most of the complaints is May 18.

## **PROCEDURAL BACKGROUND**

On March 22, 2023, Plaintiff Lambert—simultaneously with fifteen (15) other plaintiffs—filed a renewal complaint for damages in the State Court of Gwinnett County, Georgia. (Doc. 1-1.) Plaintiff Lambert's renewed complaint is a near duplicate of the fifteen other renewed lawsuits against Defendants.

On April 11, 2023, Defendants removed each of the related cases involving the same parties and operative facts from Gwinnett County State Court to the U.S.

---

[1] Defendants Doug Bondar and Matthew East join in the Motion.

[2] The following cases are consolidated under this action. (Doc. 34.)
  1:23-cv-01542-ELR       1:23-cv-01563-MHC       1:23-cv-01569-TWT
  1:23-cv-01548-MHC       1:23-cv-01564-ELR       1:23-cv-01571-AT
  1:23-cv-01553-MHC       1:23-cv-01565-MLB       1:23-cv-01572-SCJ
  1:23-cv-01555-VMC       1:23-cv-01566-JPB       1:23-cv-01573-LMM
  1:23-cv-01557-TWT       1:23-cv-01568-SEG       1:23-cv-01574-MHC
  1:23-cv-01562-LMM

2

District Court for the Northern District of Georgia. (Doc. 1.) On April 13, Defendants moved to transfer the cases to the Southern District of Georgia. (Doc. 7.) Pending consideration of the motion to transfer, and in anticipation of case consolidation, Defendants filed a motion to stay the deadline or, alternatively, for a thirty (30) day extension of time to respond to the renewed complaints. (Doc. 8.) The Court granted the motion for extension and provided Defendants an additional thirty (30) days, until and including May 18, to respond to the renewed complaint. (Doc. 13.) Judges May and Boulee stayed Defendants' response deadlines pending resolution of the motions to consolidate, to transfer venue, and to remand. No. 1:23-cv-01562-LMM, Doc. 14; No. 1:23-cv-01566-JPB, Doc. 15; No. 1:23-cv-01573-LMM, Doc. 12. Judge Totenberg stayed all case deadlines pending resolution of the motion to consolidate. No. 1:23-cv-01571, Doc. 33. The response deadlines in the remaining twelve cases were set for May 18. This Court and the other judges who granted extensions left the motions to stay pending. (*See* Doc. 13.)

On April 20, Plaintiff filed a motion to remand this case, along with the fifteen others, to Gwinnett County State Court. (Doc. 18.)

On April 25, Defendants filed a motion to consolidate the sixteen related cases for pre-trial purposes only (Doc. 23), which Plaintiff did not oppose. (Doc. 26 at 1

3

n.1.) The Court granted the motion on May 2 (Doc. 34), consolidating this case with the fifteen related actions.

## ARGUMENT AND CITATIONS TO AUTHORITY

Defendants believe there are threshold issues that should be determined in these cases before Defendants' forthcoming motion to dismiss filed including: (1) whether these cases should be transferred to the Southern District of Georgia, and (2) whether remand of these cases to state court is appropriate. Pending consideration of these threshold issues, Defendants respectfully request an extension to respond to the complaints.

### I.     Legal Standard

"[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Roberts v. FNB S. of Alma, Georgia*, 716 F. App'x 854, 857 (11th Cir. 2017) (citation omitted). That discretion includes the authority to grant an extension to respond to a complaint where an extension serves the best interests of the parties and the Court.

### II.    The Court Should Extend Defendants' Response Deadline in the Consolidated Action

The Court should grant an extension to respond to the complaints because it is in the interests of the parties and the Court, and an extension would aid in the efficient administration of the consolidated action. Since Defendants originally

sought their motion to stay or extend, Plaintiffs have filed a motion to remand and the related cases have been consolidated. Plaintiffs have also received an extension of time to respond to Defendants' motion to transfer venue until May 12. (*See* Doc. 27.) And Defendants have received an extension to respond to Plaintiffs' motion to remand until May 25. (*See* Doc. 34.)

The Court should grant an extension to respond to the renewed complaints because it is in the interests of the parties to resolve the motion to transfer and motion to remand prior to Defendants filing a dispositive motion. No party would be prejudiced by an extension of the response deadline because Plaintiffs consent to and do not oppose this motion. Consideration of the threshold questions also would serve the parties and the Court in the efficient administration of the case.

## CONCLUSION

Accordingly, in the interests of judicial efficiency, the Court should grant Defendants' request for an extension. No party would be prejudiced by an extension of Defendants' response deadline, and Plaintiffs do not oppose this motion.

Respectfully submitted, this 5th day of May, 2023,

/s/ Matthew D. Thurlow

S. Derek Bauer
Georgia Bar No. 042537
dbauer@bakerlaw.com
William D. Ezzell
Georgia Bar No. 297641
wezzell@bakerlaw.com
Georgia L. Bennett
Georgia Bar No. 495910
gbennett@bakerlaw.com
BAKER & HOSTETLER, LLP
1170 Peachtree Street, Suite 2400
Atlanta, Georgia 30309
Telephone: 404-256-8425

Matthew D. Thurlow
Admitted *Pro Hac Vice*
mthurlow@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Avenue NW, Suite 1100
Washington, DC 20036
Telephone: 202-861-1681

*Counsel for Defendants
Kendall Patient Recovery U.S., LLC,
Cardinal Health, Inc., Jay E. Johnson,
Mark Legarda, Martin Russo, Mark
Barnes and Nancy Livingston*

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

This 5th day of May, 2023.

*/s/ Matthew D. Thurlow*
BAKER & HOSTETLER LLP
